## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ELAINE CHRISTOPHE,  :  CIVIL RIGHTS
  Plaintiff,  :  42 U.S.C. § 1983
       :
v.  :
       :  CIVIL ACTION NO.
LEON MORRIS, et al.  :  1:04-CV-1982-WBH
  Defendants.  :

### ORDER AND OPINION

This pro se civil action is before this Court on Plaintiff's motions for

reconsideration [Docs. 26-1, 27-1] and motions for leave to amend [Docs. 26-2, 27-2].

For the following reasons, this Court **DENIES** these various motions.

This case involves a landlord/tenant dispute and alleged federal civil rights and

state law violations emanating from a dispossessory proceeding, a state court order of

possession, and Plaintiff's subsequent eviction from a leased residential property.  In

her eight-count Amended Complaint, Plaintiff asserted a variety of constitutional and

state law claims.  [Doc. 3].  Plaintiff sought monetary, declaratory, and injunctive

relief.  [Id.].

Several Defendants filed two motions to dismiss, asserting, inter alia, that

Plaintiff's claims are barred by the Rooker-Feldman doctrine, which places limits on

the subject matter jurisdiction of federal district courts and courts of appeal over

certain matters related to previous state court litigation.  [Docs. 4 and 5].  This Court

AO 72A
(Rev.8/82)

agreed and granted the motions to dismiss by Order entered August 17, 2005. [Doc. 24]. Accordingly, this Court entered judgment in favor of Defendants and dismissed the instant action. [Doc. 25].

Plaintiff has presently moved this Court to reconsider its dismissal of the instant action. [Docs. 26-1 and 27-1]. This Court will construe Plaintiff's motions as motions for reconsideration under Federal Rule of Civil Procedure 59(e), which expressly authorizes a motion to alter or amend a judgment after its entry. Plaintiff's motions, however, are without merit. "[T]here are three primary grounds for reconsideration of a judgment: an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Battle, 272 F.Supp.2d 1354, 1357 (N.D. Ga. 2003). Plaintiff proffers no argument to suggest that her motion for reconsideration is based on an intervening change in controlling law or the availability of new evidence. Further, Plaintiff advances no arguments of "a strongly convincing nature" to cause this Court to reconsider its dismissal of her claims pursuant to the Rooker-Feldman doctrine. See Battle, 272 F.Supp.2d at 1357.

Plaintiff has also moved this Court for leave to amend [Docs. 26-2 and 27-2] the instant action to clarify that her claims are not barred by the Rooker-Feldman doctrine. It appears that Plaintiff primarily seeks to add legal arguments to her

2

complaint rather than any additional allegations or claims. Such amendment is inappropriate and would not serve to cure any defects in the amended complaint. See Bisbee v. McCarty, 3 Fed.Appx. 819, 825 (10th Cir. 2001) (where judgment debtor's causes of action were barred by Rooker-Feldman doctrine, refusal to allow filing of third amended complaint was not abuse of discretion).

For the foregoing reasons, Plaintiff's motions for reconsideration [Docs. 26-1, 27-1] and motions for leave to amend [Docs. 26-2, 27-2] are **DENIED**.

**IT IS SO ORDERED**, this 21 day of November , 2005.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)